UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL EUGENE BAILEY,

                     Petitioner,                Case No. 1:09-cv-104

v.                                      Honorable Janet T. Neff

CAROL HOWES,

                     Respondent.

_____

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## **Factual Allegations**

Petitioner Daniel Eugene Bailey presently is incarcerated at the Florence Crane Correctional Facility and serving a term of 18 to 60 months, imposed by the Ogemaw County Circuit Court on December 5, 2007, after Petitioner pleaded guilty to operating a motor vehicle while intoxicated, third offense, MICH. COMP. LAWS § 257.625(6)(d).   Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals.

Petitioner's application for leave to appeal to the Michigan Court of Appeals purported to set forth a single issue: the circuit court has abused its discretion by imposing a disproportionate sentence.   The brief, however, contained several distinct arguments about his sentencing: (1) MICH. COMP. LAWS § 769.34(10), which precludes an appellate court from reversing a sentence in the absence of a mistake in scoring the sentencing guidelines or reliance on inaccurate information, violates the right to appeal guaranteed by the Michigan constitution; (2) MICH. COMP. LAWS § 769.34(10) violates the separation-of-power clauses of  the Michigan constitution; (3) MICH. COMP. LAWS § 769.34(10), by prohibiting appellate review of certain sentences, denies federal and state procedural due process and substantive due process and subjects individuals to cruel and unusual punishment; and (4) the sentence is disproportionate under *People v. Milbourn*, 435 U.S. 630 (Mich. 1990).   The court of appeals denied leave to appeal on August 8, 2008 for lack of merit in the grounds presented.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues he raised in the court of appeals.   The supreme court denied leave to appeal on January 9, 2009.   In his habeas application, Petitioner raises the same arguments raised in the Michigan state courts.

**Discussion**

I.  Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, Pub.

L. 104-132, 110 Stat. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The

AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect

to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has

"drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir.

2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant

to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits

in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based upon an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme

Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and

not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d

at 655.  In determining whether federal law is clearly established, the Court may not consider the

decisions of lower federal courts.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th

Cir. 2000).  The inquiry is "limited to an examination of the legal landscape as it would have

appeared to the Michigan state courts in light of Supreme Court precedent at the time [the

petitioner's] conviction became final."  *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

II.    Analysis

Petitioner complains that the sentencing court abused its discretion by imposing a disproportionate sentence. His brief, however, like his state-court brief, raises a number of distinct legal arguments, which will be addressed separately.

A.    **State Constitutional Claims**

Petitioner contends that MICH. COMP. LAWS § 769.34(10) violates the Michigan constitution. Specifically, he asserts that it violates the constitutional right to appeal, MICH. CONST. 1963 art I, § 20, the separation-of-powers provisions, MICH. CONST. 1963 art III, § 2 and art VI, § 1, and the protections of due process, MICH. CONST. 1963 art. I, § 17.

Petitioner's claims under the Michigan constitution are not cognizable on habeas review. This Court may "entertain an application for habeas relief in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge*

*v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES

GOVERNING HABEAS CORPUS CASES).  The federal courts have no power to intervene on the basis

of a perceived error of state law.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465

U.S. 37, 41 (1984).  As a consequence, Petitioner's state constitutional claims are noncognizable.

### B.    Federal Due Process Claim

Petitioner next claims that he was deprived of due process under the Fourteenth

Amendment of the United States Constitution.  Petitioner's argument is vague, though he appears

to make two arguments.  First, he appears to suggest that the sentence imposed upon him under the

sentencing guidelines constitutes a violation of due process.   Second, Petitioner argues that MICH.

COMP. LAWS § 769.34(10), on its face, violates the Due Process Clause.

To the extent that Petitioner claims that his sentence under the guidelines deprived

him of due process, he fails to state a cognizable ground for habeas relief.  Claims concerning the

improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in

habeas corpus proceedings.  *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts

normally do not review a sentence for a term of years that falls within the limits prescribed by the

state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state

law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-

1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an

issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp.

2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There

is no constitutional right to individualized sentencing.  *United States v. Thomas*, 49 F.3d 253, 261

(6th Cir. 1995).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced

within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord  Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

    Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).  *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude."  *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Petitioner also does not argue that the sentence was based on false information.  *Tucker*, 404 U.S. at 447.  Instead, Petitioner argues that his sentence score was distorted by the addition of 10 points to the offense level for bodily injury to a victim that required medical treatment.  *See* MICH. COMP. LAWS § 777.33(1)(d).  Although he does not dispute the scoring of the variable, he claims that those points were only marginally warranted because the victim, Petitioner's wife, was not seriously injured and admitted to a health care provider that she had grabbed the steering wheel and was the immediate cause of the accident.  He argues that, considering all of the mitigating circumstances, he should have been sentenced at the low end of his guideline range.

As Petitioner makes clear in his brief, however, the sentencing court was fully aware of all of the circumstances.  The court was aware that this was Petitioner's third conviction for drunk driving and that his blood alcohol level was twice the legal limit at .18% blood-alcohol content.  The court also was aware that Petitioner was a decorated Vietnam veteran who suffers from post-traumatic stress disorder.  Further, it is clear from Petitioner's brief that the presentence information report informed the sentencing court of Petitioner's wife's statement to the health care provider.  Nothing in the record suggests that the sentence was based on inaccurate information.  Petitioner therefore claims only that, given the mitigating factors, his sentence should have been set at the low end of his guideline range.  Such claims clearly fall far short of the sort of egregious circumstances implicating due process.  The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d); *Onifer*, 255 F.3d at 316.

To the extent Petitioner claims that MICH. COMP. LAWS § § 769.34(10) violates the Due Process Clause, his claim is without merit.   "[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at al."  *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).  Where it provides the right to appeal, however, a state "may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty."  *Douglas v. California*, 372 U.S. 353, 355 (1963).  Here, Petitioner does not assert invidious discrimination of any sort.  Instead, he asserts that the statute in question precludes appellate reversal of any sentence that was within properly scored guidelines and based on accurate information.  In other words, he claims that his constitutional rights were violated by a legislative limitation on his right to appeal.  Such a claim is dependent on the existence of a federally guaranteed right to appeal a criminal conviction.  Because the Supreme Court has never established the right Petitioner invokes, the state court determination of his claim is not "contrary to . . . clearly established Federal law, as determined by the Supreme Court . . . ."  28 U.S.C. § 2254(d)(1).  Petitioner therefore is not entitled to habeas relief on his due process claim.

## C.    Disproportionate Sentence

Petitioner argued in the state courts that his sentence of 18 to 60 months was disproportionate to his offense in light of all of the mitigating circumstances.  Petitioner principally claimed that his sentence was disproportionate under the analysis enunciated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990).  However, in his brief before the Michigan appellate courts, Petitioner also made a confused argument that the statutory limitation on appellate review of a sentence that falls within the properly scored guidelines range "offends due process to be constitutionally protected against cruel and/or unusual punishment . . . ."  (Pet. Br. on

App., Ex. 1 to Am. Pet., docket #5-2 at 9.)  Petitioner repeats the same argument in his brief in

support of his habeas petition.  (Br. in Supp. of Pet., docket #2 at 4.)  The Court will assume that

Petitioner intends to raise an Eighth Amendment claim concerning the proportionality of his

sentence.  In addition, because his federal claim is without merit, the Court will assume without

deciding that Petitioner's reference to "cruel and unusual punishment" in his appellate brief was

sufficient to exhaust an Eighth Amendment claim in state court.[1]

To the extent Petitioner argues that his sentence was disproportionate under

*Milbourn*, 461 N.W.2d. 1, he fails to raise a cognizable habeas claim.  In *Milbourn*, the court held

that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively

prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing

punishment according to the nature of the offense and the background of the offender.  *Milbourn*,

461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003).  It is plain that

*Milbourn* was decided under state, not federal, principles.  *See Lunsford v. Hofbauer*, No. 94-2128,

1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D.

Mich. 1994).  As previously discussed, a federal court may grant habeas relief solely on the basis

of federal law and has no power to intervene on the basis of a perceived error of state law.

---

[1]Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  A petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts.  *Onifer*, 255 F.3d at 315.  Arguably, Petitioner's passing mention of "cruel and unusual punishment" in the context of his due process challenge to MICH. COMP. LAWS §769.34(10) was insufficient to provide fair notice to the state courts of the nature of his habeas claim.

*Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41.  Thus, Petitioner's claim based on *Milbourn* is not cognizable in a habeas corpus action.

With respect to Petitioner's Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment.  *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)).  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law.  Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.  As a consequence, the state-court decision was neither contrary to nor an unreasonable application of Supreme Court precedent.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  March 25, 2009                       /s/ Janet T. Neff                              
                                             Janet T. Neff
                                             United States District Judge

-13-